IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHAWN T. EZELL                                                                                      PLAINTIFF

V.                                                                      CAUSE NO.: 1:14CV120-SA-DAS

KANSAS CITY SOUTHERN RAILWAY COMPANY                                          DEFENDANT

MEMORANDUM OPINION

On the morning on July 12, 2011, at approximately 3:15 am, Shawn Ezell collided his vehicle with a stationary train at the North Division Street Crossing in West Point, Mississippi.[1] Ezell's vehicle became lodged under the rail car and he suffered extensive injuries from the incident.

Ezell filed a lawsuit alleging that Kansas City Southern Railway Company (KCSR) (1) operated the train in a negligent and unsafe manner for local existing conditions; (2) failed to keep a proper lookout; (3) failed to adequately warn motorists on North Division Street that the crossing was obstructed; (4) obstructed the crossing in violation of Mississippi Code Section 77-9-235; (5) obstructed the crossing in violation of KCSR's own operating and safety rules; and (6) placed the train in motion without warning as required by the laws and rules of KCSR.

KCSR has moved for summary judgment on the grounds that these claims are preempted by federal law.[2]

---

[1] Although not relevant for consideration of this motion, the record reflects that Ezell's blood alcohol level at the time of the incident was .218%, almost three times the legal limit to drive.

[2] Defendant moved for summary judgment on all claims including failure to keep a proper lookout and improper construction and/or maintenance of the crossing. Plaintiff failed to respond to the proper lookout and improper construction arguments and offer specific facts showing an issue for trial. Therefore, summary judgment on those claims is appropriate, and the Court grants Defendant's request as to those claims accordingly. *See* FED. R. CIV. P. 56(e)(2); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (holding that the district court has no duty to search the record for triable issues).

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

*Discussion and Analysis*

Blocking Claims

KCSR contends that most of Plaintiff's claims are preempted by either the Interstate Commerce Commission Termination Act (ICCTA), 49 U.S.C. § 10101, *et seq.*, or the Federal Railroad Safety Act (FRSA), 49 U.S.C. § 20101.

The ICCTA was enacted to "minimize the need for Federal regulatory control over the rail system" as well as "foster sound economic conditions in transportation." *Id.* at § 10101. In section 10501 of the ICCTA, the jurisdiction of the Surface Transportation Board ("STB") is defined and the preemptive effect of the statute is declared as follows:

(b) The jurisdiction of the Board over-

> (1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and
>
> (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State,

> is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

49 U.S.C. § 10501. Section 10501(b) gives the Board exclusive jurisdiction over "transportation by rail carriers," and the term "transportation" is defined by statute, at 49 U.S.C. 10102(9), to embrace all of the equipment, facilities, and services relating to the movement of property by rail.

Ezell's claims include violation of Mississippi's Anti–Blocking statute, Section 77–9–235 of the Mississippi Code of 1972, as amended, as well as the anti-blocking rule 6.32.6 of KCSR's General Code of Operating Rules. The Fifth Circuit has already held that the ICCTA

3

preempts negligence per se claims brought pursuant to Mississippi Code Section 77-9-235.[3] *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 806-07 (5th Cir. 2011). That statute "hones in on 'railroad company[ies]' and rail 'cross[ings]'" and as such "has no application except with respect to the operation of railroads at rail crossings." *Id*. at 807. Therefore, Plaintiff's anti-blocking claim brought pursuant to the Mississippi state anti-blocking statute are preempted. *Id*. at 808 (noting that the Mississippi state anti-blocking statute is "incompatible with the ICCTA and not saved by the FRSA.").

While Plaintiff acknowledges that his negligence per se claim may be preempted, he contends that the crossing was obstructed in violation of KCSR's operating and safety rules, which results in a violation of the federal standard of care. General Code of Operating Rule (GCOR) 6.32.6, as adopted by KCSR, states that "[w]hen practical, a standing train or switching movement must avoid blocking a public crossing longer than 10 minutes." According to Plaintiff, the train at issue in this litigation was blocking the North Division Street crossing for twenty-four minutes. Thus, Plaintiff contends that KCSR breached a duty of care.

Based on the above cited statutory language, Plaintiff's claim based on the GCOR would be preempted under the ICCTA as well. The Surface Transportation Board has exclusive jurisdiction over the remedies of operating rules of rail carriers. 49 U.S.C. § 10501. Plaintiff has made clear that his claim is being pursued under GCOR 6.32.6. *See Friberg v. Kansas City S. Ry. Co*., 267 F.3d 439, 443 (5th Cir. 2001) (labeling claims related to regulating the time a train can occupy a rail crossing, train speed, length and scheduling, as concerning a "railroad's economic decisions," which are necessarily preempted by the ICCTA). Accordingly, that claim is also preempted.

---

[3] That statute provides that ". . . [e]very railroad company shall, upon stopping any train at a place where such railroad is crossed by a street, so uncouple the cars as not to obstruct travel thereon for a longer period than shall be prescribed by ordinance of the city, town or village." MISS. CODE. ANN. § 77-9-235.

4

Inadequate Warning Claims

Plaintiff contends that Defendant provided inadequate warnings of a dark stationary train motionless in the middle of the night. Plaintiff, however, does not dispute that the crossbuck, pavement markers, and other advanced warning signs were adequate at the North Division Street crossing. While Plaintiff admits he was aware of the crossing prior to the incident, he claims that the dark tank car, the "kind of like foggy" night, and an incline in the road created such a peculiar or hazardous condition that the "Occupied Crossing Rule" would not apply.

Under Mississippi law, "ordinarily a train legitimately stopped or standing over a public crossing because of its tremendous size is all the warning the traveling public is entitled to." *King v. Illinois Cent. R.R.*, 337 F.3d 550, 553 (5th Cir. 2003)(citing *Clark v. Columbus & Greenville Ry. Co.,* 473 So. 2d 947, 950 (Miss. 1985)). There is, however, a recognized exception to the "occupied crossing rule" where the railroad should foresee that a motorist using ordinary care may not see the train because of a peculiar environment or hazardous condition. *Spilman v. Gulf & S.I.R. Co.*, 163 So. 445 (Miss. 1935).

> Courts have only found the exception applicable where extraordinary physical environments or landscapes make the crossing difficult to see. For example, Mississippi courts make an exception where a vehicle approaches a crossing on a street with a steep and varied incline so that a vehicle's headlights do not strike the train's cars. *Illinois Cent. R.R. Co. v. Williams,* 242 Miss. 586, 135 So. 2d 831, 837 (1961). Likewise, a sharp curve in the road leading to the crossing, creating a trap for approaching drivers, constitutes a peculiar environment or hazardous condition taking the case outside of the scope of the occupied crossing rule. *Green v. Gulf, Mobil & Ohio R.R. Co.,* 244 Miss. 211, 141 So. 2d 216 (1962). Similarly, a decline or dip in the street over the crossing such that a flatcar cannot be seen at night during heavy fog constitutes a peculiar environment or hazardous condition. *Boyd v. Illinois Cent. R.R. Co.,* 211 Miss. 409, 52 So. 2d 21, 25–27 (1951). A physical obstruction blocking the view of the crossing may also constitute a peculiar environment or hazardous condition. *Hales v. Illinois Cent. Gulf R.R. Co.,* 718 F.2d 138, 142–143 (5th Cir. 1983). However, the darkness of night is not a peculiar environment or hazardous condition. *Owens v. Int'l Paper Co.,* 528 F.2d 606, 610 (5th Cir. 1976).

5

*King*, 337 F.3d at 553-54.

Plaintiff has failed to show a peculiar environment or hazardous condition. The photographs attached in the record reveal a slight incline, less than five percent according to Defendant's expert, from the road to the crossing. Plaintiff has likewise failed to produce proof supporting his claim that there was fog during the early morning hours of July 12, 1011. Both accident reports filed in this case indicate that the weather conditions were "clear." Even if there was a light fog, however, Mississippi case law shows that *dense* fog and a stationary train did not produce conditions excepted from the occupied crossing rule. *Mississippi Export R. Co. v. Summers*, 11 So. 3d 429, 430 (Miss. 1943). In fact, the Mississippi Supreme Court stated that the "railroad company had the right to assume that [the driver that ran into the train] was complying with the law." *Id*.

Viewing the evidence in the light most favorable to the Plaintiff, Ezell has produced insufficient evidence for a jury determination in the exception to Mississippi's occupied crossing rule.

Improper Motion Claim

After the switching task was completed, the train was moved approximately twenty-five yards prior to being told by the West Point Police that a car was trapped under a rail car. Accordingly, Ezell claims that KCSR put the train in motion without any warning which caused him further damage and injury.

Plaintiff has failed to indicate any particular injury or damage that occurred from the train moving after impact. This claim is properly dismissed for a lack of genuine issue of material fact.

*Conclusion*

Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's claims are DISMISSED, and this case is CLOSED.

SO ORDERED, this the 18th day of May, 2016.

                                              **/s/ Sharion Aycock**
                                              **U.S. DISTRICT JUDGE**